[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action claims that, Brookhollow Farm, Inc., (a corporation), and John F. Nebor (individually) owe him for unpaid wages and for monies he advanced to Brookhollow Farm during the time he was running it.
To understand the claim, it is necessary to understand the nature of Mr. Gerl's relationship with Mr. Nebor and CT Page 10261 Brookhollow Farm. Mr. Gerl and Mr. Nebor first met sometime in 1985. At the time Mr. Gerl was going with a relative of Mr. Nebor — one Andrea Schyhol. All three people (Nebor, Gerl and Schyhol) had an interest in horses, and as the relationship between Mr. Gerl and Ms. Schyhol intensified to the point where they were making plans to marry each other, there were discussions between the three of them about buying a horse farm. After looking at several, they settled on Brookhollow Farm, a twenty acre property with a horse barn containing some fifty (50) stalls. In December 1986, Mr. Nebor bought Brookhollow Farm for $390,000.00. Andrea's parents contributed $50,000.00 and Mr. Nebor $49,000.00 toward the down payment. (Neither Andrea nor George made a financial contribution toward the purchase price).
Surprisingly, for an investment as substantial as this one, there was no written agreement between any of the parties, but there were discussions about running the farm and expectations were that it would be a profitable undertaking. Mr. Gerl believed that eventually he (and probably Andrea) might even buy the farm from Mr. Nebor.
The arrangement that was worked out contemplated that George and Andrea would live on the farm, manage and run it. Their presence and ability would save on labor costs and the mortgage would be paid from the income generated by the business. George and Andrea did, in fact, move onto the property, living at first in a trailer and later in an apartment vacated by one of the employees who was terminated. In May 1987 George and Andrea were married, however by the summer of 1988 Andrea had started a dissolution action and it was about that time that George Gerl was "tossed off" the farm. (The marriage was dissolved in August 1989).
Brookhollow Farm was owned individually by John Nebor until May 1, 1987 when it was incorporated and Mr. Gerl was fully aware of this change in status.
The Court finds that George and Andrea were to live on the property rent free, that they would set up a tack shop in the horse barn, also rent free, which would have the dual purpose of attracting customers to the farm and making money for the Gerls since they would keep any profit on tack sales they made.
The Gerls would also earn money by keeping half of the money they took in for giving riding lessons, and by earning commissions for selling horses given them on a consignment basis for resale. CT Page 10262
The Court finds that there was no other salary arrangement agreed to by the defendant, nor was there any discussion of such. Mr. Gerl unilaterally decided to pay himself $150.00 per week, and did so for eighteen weeks. He supervised the farm operation for a total of eighty-two (82) weeks and now claims he is owed the difference of sixty-four (64) weeks times $150.00 per week. The plaintiff claims that the prior employee, who was terminated, drew a salary of $140.00 per week in addition to his apartment. There was testimony that the prior employee was learning disabled or retarded and that he had no special arrangements for earning extra income as did Mr. Gerl. In addition, the plaintiff kept his own horses of the farm without paying rental to the farm. The comparison does not avail the plaintiff, There was no discussion between Mr. Nebor and Mr. Gerl as to salary. Mr. Nebor was surprised to learn after the corporation was dissolved in October 1989, that Mr. Gerl was paying himself. Andrea, her mother Gail Schyhol and her father, Andrew Schyhol, all credibly testified there was no discussion of salary. Mr. Gerl kept the books and accounts and wrote out most of the checks, including the $150.00 "salary" payments he made to himself.
Accordingly, his claim for unpaid salary is disallowed. The defendant, John Nebor, is entitled to prevail on his counterclaim for unauthorized use of funds. (18 weeks x $150.00) in the amount of $2,700.00.
With respect to monies withdrawn by Andrea, the defendant has failed to prove that any such "salary" payments to Andrea went to George Gerl's personal benefit. She admitted signing some checks, but claims some were in blank and filled in later by George. While Mr. Nebor may be entitled to restitution from Andrea, that is not before the Court and we decline to make any liability of Andrea's that of the plaintiff.
The plaintiff claims that he is owed money for "loans" he made to Brookhollow Farm out of his own funds, usually because there was a cash flow problem at the time. The Court is satisfied that he advanced money from time to time to the farm account. He came into the arrangement with approximately $50,000.00 in his own private funds, profits from a real estate transaction, and, in addition, he earned money from the various farm related enterprises discussed earlier.
He kept a running account of credits and debits between the farm and himself (plaintiff's exhibit 5). While it is not a model for a bookkeeper to emulate, it was kept in the CT Page 10263 farm's checkbook and available for Mr. Nebor's examination at any time. Mr. Nebor did not question the plaintiffs bookkeeping practices, and was not surprised that Mr. Gerl advanced money from time to time to the farm account.
According to Exhibit 5, Brookhollow Farm owes the plaintiff $8,552.54, however, this amount is to be offset as follows.
The Court disallows the amount of $1,000.00 which the plaintiff claims is owed him for transporting one of Mr. Nebor's horses from Texas to Connecticut. Mr. Gerl took a trip to Texas to advance his own business interests which included the purchase of a truck and horse trailer. Since he was there anyway, he agreed to return Mr. Nebor's horse. Mr. Nebor did not agree to pay him $1000.00, though he conceded he would have been willing to pay for a portion of the gasoline. In any event, there was no meeting of the minds on this item and The Court will not speculate as to the cost of gasoline which should be charged to the defendant. The plaintiff's claim for tractor work in the amount of $1,500.00 is unsubstantiated. The plaintiff has no bill for the claimed work and could not specify the nature of the claim. Mr. Nebor testified that the tractor broke down one time while in use and he worked on it. In short, the plaintiff has failed to prove the validity of this claim and it is disallowed. Any other claims of the plaintiff beyond those listed in Exhibit 5 have not been substantiated or proven and are disallowed.
As for the defendant's claims of set off and counterclaim, the Court has found no obligation on the plaintiff's part to pay rent for any use of the premises, nor to pay board for his own horses.
The plaintiff's claim for money advanced to Brookhollow Farm arose as the result of advances made subsequent to the incorporation of the business, and the plaintiff was aware of the change in status. (Advances made by the plaintiff prior to the date of incorporation were repaid to him).
One of the primary reasons for a business to incorporate is to limit individual liability. It is undisputed that in Connecticut court will disregard the corporate structure and pierce the corporate veil "only under exceptional circumstances, for example, where the corporation is a mere shell, serving no legitimate purpose, and used primarily as an intermediary to perpetuate fraud or promote injustice." SFA Folio Collections, Inc. v. Bannon, 217 Conn. 220, 230
(1991), citing Angelo Tomasso Inc. v. Armor Construction CT Page 10264 Paving, Inc., 187 Conn. 544, 557 (1982).
The plaintiff was aware that, after May 1, 1987, he was dealing with a corporation. There was no attempt by Mr. Nebor to dissemble or mislead Mr. Gerl, and Mr. Gerl, whose college major was business administration, knew as well as anyone the ramifications of dealing with a corporation. Accordingly, the Court will not pierce the corporate veil to find Mr. Nebor personally liable for loans made to the corporation.
Judgment shall enter for the plaintiff against Brookhollow Farm, Inc. (for sums advanced to the corporation), for $6,052.54.
Judgment shall enter for the defendant, John Nebor on the Counterclaim for $2,700.00.
Costs are not taxable to either party.
JUDGE LAWRENCE KLACZAK, J. SUPERIOR COURT JUDGE